## Joseph H. Strong, Administrator, v. Wesley Hospital.

### Gen. No. 12,477.

1. INJUNCTION—*what violation of, entered to restrain collection of judgment.* Where one is enjoined from "collecting or attempting to collect" a judgment and also from "enforcing the execution under said judgment," it is a violation of the spirit and intent of that order to bring suit against the surety upon a bond given in an effort to appeal from that judgment.

Bill for injunction, etc. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed December 4, 1905.

CANNON & POAGE, for appellant.

HORTON & BROWN, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

July 1, 1905, upon a bill filed by appellee, Judge Tuley of the Circuit Court entered an interlocutory order restraining appellant from suing James B. Hobbs upon a certain appeal bond.

It appears that in November, 1904, a judgment in the sum of $2,000 was entered before Judge Honore of the Circuit Court in an action at law there pending against appellee and in favor of appellant as administrator of one Lizzie Kolar, deceased. Upon the entry of the judgment appellee prayed an appeal to this court, which was allowed upon condition that appellee file a bond in the sum of $3,000 in 30 days from November 19, 1904, and present to the

court a bill of exceptions within 60 days from the same date.
The minute clerk then sitting before Judge Honore was then
and there directed by the Judge to enter said orders, but
said clerk did not enter in his minute book nor did he write
up any of the orders in the cause after the entry of the
judgment.    That appellee within 30 days after November
19, 1904, filed an approved appeal bond in said cause, and
within the time allotted presented a bill of exceptions there-
in, which was assented to by the attorneys of appel-
lant, was signed by Judge Honore and was then filed with
the clerk of said court.    That not until February 18, 1905,
when appellee ordered a transcript of record in the suit at
law, did it discover that said orders had not been written
up; and not until ten days later, when counsel for both par-
ties appeared before Judge Honore, did it know that the
minute clerk had not entered said orders in his minute book.
That appellee then moved to have such omitted orders en-
tered *nunc pro tunc* as of November 19, 1904, but the court
on March 6, 1905, denied said motion, to which appellee ex-
cepted and saved its bill of exceptions and prayed an appeal,
which was allowed on bond of $250 being filed.

March 29, 1905, appellee filed its bill, setting up the
foregoing facts, alleging that it had a good defense to the
suit at law, praying for a decree directing the clerk of said
court to amend the record in the said law case, for gen-
eral relief, and for an injunction restraining all proceedings
in the original suit until the matters involved could be de-
termined.

Appellant filed its answer to said bill, excepting to it for
want of equity, for multifariousness, and because appellee
had a complete remedy at law; and admitted the facts sub-
stantially as set forth therein; adding thereto the fact that
the motion of February 28, 1905, was renewed March 6,
1905, and was again overruled and an appeal prayed by ap-
pellee; and claiming that the questions of amendment and
whether appellee had a good defense to the suit at law were
*res judicata;* and praying the advantage of demurrer on the

grounds that appellee had an adequate remedy at law, and the lack of equity on the face of the bill.

After the denial of the motion to amend the record made February 28, 1905, and renewed and again denied March 6, 1905, and on March 29, 1905, the original bill was filed in this case. May 8, 1905, Judge Mack of said Circuit Court granted an injunction upon said bill restraining appellant "from collecting or attempting to collect" said judgment and "from enforcing the execution under said judgment."

June 5, 1905, Judge Tuley entered an order upon appellee to file a new bond in the sum of $4,100, which order was complied with on the following day.

June 19, 1905, a motion by appellant to dissolve the injunction then pending was denied by Judge Tuley.

July 1, 1905, by leave of court appellee filed a supplemental bill, and thereupon Judge Tuley enjoined appellant from suing upon the $3,000 appeal bond and from suing James B. Hobbs, the surety in said bond, on account of the matters involved in this suit.

July 25, 1905, appellant appeared before Judge Windes of said Circuit Court, and moved to dissolve said injunction, relying upon the original and supplemental bill, the answer of appellant thereto, and the affidavits of Thomas H. Cannon, John B. Heinemann and Wm. J. McKenna. After argument for each of the parties thereto, Judge Windes refused to hear the motion.

July 26, 1905, the Clerk of said Circuit Court approved an appeal bond from the order of July 1, 1905, which in terms extended the injunction to restrain suit against the bondsman, James B. Hobbs.

The sole question before us is as to the propriety of the order of July 1, 1905, extending the injunction so as to prevent suit upon the $3,000 appeal bond.

We are of the opinion that the injunction as originally entered covered and included the surety. Where one is enjoined from "collecting or attempting to collect" a judgment, and also from "enforcing the execution under said judgment," it is a violation of the spirit and intent of that order

to bring suit against the surety upon a bond given in an effort to appeal from that judgment.

No appeal was prayed from the order entered May 8, 1905, nor from the order of June 19, 1905, denying the motion to dissolve that injunction. If we should set aside the order of July 1, 1905, appellant would still be enjoined and Hobbs would still be protected by the injunctional order of an earlier date. Why should we do a useless thing?

As the original bill is not before us, we refrain from any comment upon it.

The decree of the Circuit Court is affirmed.

*Affirmed.*